Mr. James T. Clark, Director Arkansas Transportation Safety Agency Suite 100, Justice Building Little Rock, AR 72201
Dear Mr. Clark:
This is in response to your request for an opinion on the following questions:
 (1) Can Arkansas Transportation Safety Officers stop and detain a suspected D.W.I. driver?
 (2) Does this action diminish the chances of conviction under current Arkansas D.W.I. statutes?
 (3) What, if any, liability do the Agency and its officers incur if no action is taken and the suspected D.W.I. driver causes a traffic accident?
As an initial matter, it should be noted that under A.C.A.23-13-217, enforcement officers of the Transportation Safety Agency are responsible for enforcing compliance with specific provisions contained within the Motor Carrier Act of 1955, codified at A.C.A. 23-13-201, et seq. Section 23-13-217 sets forth the specific duties of enforcement personnel, and provides as follows:
 (a) The Arkansas Transportation Commission shall name and designate enforcement officers charged with the duty of policing and enforcing the provisions of this subchapter.
 (b) The enforcement officers shall have authority to make arrests for violations of any of the provisions of this subchapter, orders, rules and regulations of the commission and to serve any notice, order, or subpoena issued by any court, the commission, its secretary, or any employee authorized to issue same, and to this end shall have full authority, with jurisdiction within the entire State of Arkansas.
 (c) The enforcement officers, upon reasonable belief that any motor vehicle is being operated in violation of any provisions of this subchapter, shall be authorized to require the driver thereof to stop and exhibit the registration certificate issued for such vehicle; to submit to such enforcement officer for inspection any and all bills of lading, waybills, invoices, or other evidences of the character of the lading being transported in such vehicle; and to permit such officer to inspect the contents of the vehicle for the purpose of comparing the contents with bills of lading, waybills, invoices, or other evidence of ownership or of transportation for compensation.
 (d) It shall be the further duty of such enforcement officers to impound any books, papers, bills of lading, waybills, and invoices which would indicate the transportation service being performed is in violation of this subchapter, subject to the further orders of the court having jurisdiction over the alleged violation.
The foregoing provisions have been cited by the Arkansas Supreme Court in several cases involving the validity of regulatory inspections pursuant to the Motor Carrier Act ("Act"). A review of these cases compels the conclusion that the answer to your question is "no" if the stop is not effected in accordance with the officers' exercise of their jurisdiction under the Act. As stated by the Supreme Court in the case of Dominguez v. State,290 Ark. 428, 438, 720 S.W.2d 703 (1986):
 In order to meet minimum constitutional requirements, the state must show under [Delaware v. Prouse, 440 U.S. 648 (1979)] there were articulable facts which reasonably supported an inference of a violation of the laws respecting use of the vehicle. Under [A.C.A. 23-13-255], the agents would have to demonstrate that the facts reasonably supported an inference that appellants were non-authorized motor carriers — that appellants were transporting property or persons for compensation on a regular basis without the proper authorization from the commission (Emphasis in original).
The Dominguez case involved a routine stop of a U-haul truck. Enforcement officers searched the truck and found marijuana. The Court held that the initial stop was not authorized by the Motor Carrier Act, and that the search was therefore improper. The Court noted that the stated purpose of the Motor Carrier Act is the regulation of motor carriers, and that "[m]otor carriers are any persons who directly or indirectly transport property or passengers for compensation." 290 Ark. at 433. The Court also noted that A.C.A. 23-13-217 only authorizes stops on a reasonable belief of a violation of the Act, and that the language of this provision indicates that the statute is ". . . clearly applicable to motor carriers." Id. at 435.
It was concluded in Dominguez that there was no reasonable basis for a belief that the persons stopped were carriers under the Act. The officers therefore acted beyond their authority in making the stop. This case contrasts with a prior decision wherein the Court determined that the enforcement officers had grounds for a reasonable belief that the motor vehicle was being operated in violation of the Act. Carroll Cox v. State, 276 Ark. 160,634 S.W.2d 99 (1982). There was no question in that case with respect to the defendant's status as a motor carrier subject to the officers' jurisdiction under the Motor Carrier Act.
The ruling in Dominguez v. State indicates that the authority of enforcement officers to stop vehicles extends only to those vehicles within their jurisdiction as agents under the Motor Carrier Act. The validity of a stop is then dependent upon a reasonable belief that a vehicle is in violation of the Act. Stops of vehicles not within the Act would be "constitutionally impermissible." 290 Ark. at 437.
It must be initially noted, in response to your second question, that a successful criminal prosecution may result from the proper administration and enforcement of the Motor Carrier Act. See, e.g., Carroll Cox v. State, supra. However, it is my opinion that the answer to your question is "yes," if the arrest follows a stop that is not authorized under the Motor Carrier Act or that fails to meet minimum constitutional standards, as set forth in Dominguez v. State, supra.
In response to your third question, I do not forsee liability on the part of the Agency or the officers in this situation. While the officers should contact state or county authorities in the event they witness an infraction, it appears that their powers and duties do not generally extend to stopping and detaining suspected D.W.I. drivers. Sovereign immunity would in all likelihood prevail under these circumstances. See Ark. Const. Art. 5, 20; A.C.A. 19-10-305.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.